JOHN RUSSELL EMERSON (TX Bar No. 24002053)
(russ.emerson@haynesboone.com)
*Pro hac vice* application to be filed
**HAYNES AND BOONE, LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas  75219
Phone: (214) 651-5000
Fax: (214) 200-0615

JENNIFER M. LANTZ (CA Bar No. 202252)
(jennifer.lantz@haynesboone.com)
NICHOLAS V. MARTINI (CA Bar No. 237687)
(nicholas.martini@haynesboone.com)
**HAYNES AND BOONE, LLP**
525 University Avenue, Suite 400
Palo Alto, California 94301
Phone: (650) 687-8800
Fax: (650) 687-8801

Attorneys for Plaintiff
RIVERBED TECHNOLOGY, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RIVERBED TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> REALTIME DATA LLC d/b/a IXO, <br><br> Defendant. | Case No. _____ <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff RIVERBED TECHNOLOGY, INC. ("Riverbed"), by and through undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1. Riverbed seeks a declaratory judgment of noninfringement of U.S. Patent Nos. 8,717,204 ("the '204 Patent") and 8,719,438 ("the '438 Patent") (collectively, the "Patents-in-Suit").

## PARTIES

2. Riverbed is a Delaware corporation with its principal place of business at 680 Folsom Street, San Francisco, California 94107.

3. Upon information and belief, Defendant Realtime Data LLC d/b/a IXO ("Realtime"), is a limited liability company organized under the laws of the State of New York and with places of business at 5851 Legacy Circle, Plano, Texas 75024; 1828 E.S.E. Loop 323, Tyler, Texas 75701; and 66 Palmer Avenue, Suite 27, Bronxville, New York 10708.

## JURISDICTION AND VENUE

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* and the patent laws of the United States, Title 35 United States Code. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Because this action presents an actual controversy with respect to the noninfringement of the Patents-in-Suit, the Court may grant the declaratory relief sought pursuant to 28 U.S.C. §§ 2201 and 2202.

6. This Court has personal jurisdiction over Realtime by virtue of its sufficient minimum contacts with this forum based on the business Realtime conducts within the State of California, including in this judicial district. Realtime has engaged in extensive settlement and licensing negotiations leading to licenses covering the Patents-in-Suit with entities based both in this district and elsewhere in the State of California. Realtime has also engaged in efforts to sell the rights to its

patent portfolio to Riverbed in this district, including retaining the services of agents located in this district to approach Riverbed on Realtime's behalf.  Further, Realtime has availed itself of the courts of the State of California and of this judicial district, including by participating in and filing lawsuits in this state and district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## INTRADISTRICT ASSIGNMENT

8. Pursuant to Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action shall be assigned on a district-wide basis.

## THE PATENTS-IN-SUIT

9. The United States Patent and Trademark Office (the "PTO") issued the '204 Patent, titled "METHODS FOR ENCODING AND DECODING DATA," on May 6, 2014. A true and correct copy of the '204 Patent is attached as Exhibit A.

10. The PTO issued the '438 Patent, titled "SYSTEM AND METHODS FOR ACCELERATED DATA STORAGE AND RETRIEVAL," on May 6, 2014. A true and correct copy of the '438 Patent is attached as Exhibit B.

11. Realtime has claimed that it is the owner by assignment of the '204 Patent and the '438 Patent.

## BACKGROUND

12. Realtime sued Riverbed alleging infringement of the Patents-in-Suit on April 3, 2017, in *Realtime Data LLC d/b/a IXO v. Riverbed Technology, Inc.*, Case No. 6:17-cv-198 (E.D. Tex.).[1]  This case is currently pending and Riverbed has not yet filed a responsive pleading.

13. Based on Realtime's conduct, Riverbed has a reasonable apprehension of suit by Realtime for infringement of the Patents-in-Suit.  Accordingly, an actual and

---

[1] Realtime's complaint in the pending E.D. Texas action is attached as Exhibit C.

justiciable controversy exists between Riverbed and Realtime concerning Riverbed's liability for alleged infringement of the Patents-in-Suit.

14. Section 1400(b) of Title 35 states that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

15. On May 22, 2017, the Supreme Court of the United States announced its decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, No. 16-341 (slip op. May 22, 2017), holding that "[a]s applied to domestic corporations, 'reside[nce]' in [28 U.S.C.] § 1400(b) refers only to the State of incorporation." *Id.* at 10.

16. Riverbed is not incorporated in the State of Texas, does not infringe any claims of the Patents-in-Suit, and does not have a regular and established place of business in the Eastern District of Texas. Consequently, venue in *Realtime Data LLC d/b/a IXO v. Riverbed Technology, Inc.*, Case No. 6:17-cv-198 (E.D. Tex.) is improper in the Eastern District of Texas.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Noninfringement of U.S. Patent No. 8,717,204)**

17. Riverbed repeats and realleges each and every allegation contained in paragraphs 1 through 16 above as if fully set forth herein.

18. Realtime alleges in *Realtime Data LLC d/b/a IXO v. Riverbed Technology, Inc.*, Case No. 6:17-cv-198 (E.D. Tex.), that Riverbed infringes one or more claims of the '204 Patent. Riverbed incorporates by reference the content of that Complaint.

19. Riverbed does not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any claim of the '204 Patent.

20. Therefore, there exists a substantial controversy between Riverbed and Realtime, the parties having adverse legal interests, of sufficient immediacy and

reality to warrant the issuance of a declaratory judgment that Riverbed has not infringed any claim of the '204 Patent.

21. An actual and justiciable controversy exists regarding the alleged infringement of the '204 Patent by Riverbed. Riverbed accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '204 Patent.

22. A judicial declaration is necessary and appropriate so that Riverbed may ascertain its rights regarding the '204 Patent.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment of Noninfringement of U.S. Patent No. 8,719,438)**

23. Riverbed repeats and realleges each and every allegation contained in paragraphs 1 through 16 above as if fully set forth herein.

24. Realtime alleges in *Realtime Data LLC d/b/a IXO v. Riverbed Technology, Inc.*, Case No. 6:17-cv-198 (E.D. Tex.), that Riverbed infringes one or more claims of the '438 Patent. Riverbed incorporates by reference the content of that Complaint.

25. Riverbed does not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, any claim of the '438 Patent.

26. Therefore, there exists a substantial controversy between Riverbed and Realtime, the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Riverbed has not infringed any claim of the '438 Patent.

27. An actual and justiciable controversy exists regarding the alleged infringement of the '438 Patent by Riverbed. Riverbed accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '438 Patent.

28. A judicial declaration is necessary and appropriate so that Riverbed may ascertain its rights regarding the '438 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Riverbed prays for judgment as follows:

| | | |
|---|---|---|
| 1 | A. | A declaration that Riverbed does not and has not infringed any claim of |
| 2 | | the '204 Patent; |
| 3 | B. | A declaration that Riverbed does not and has not infringed any claim of |
| 4 | | the '438 Patent; |
| 5 | C. | An award of Riverbed's costs pursuant to Federal Rule of Civil |
| 6 | | Procedure 54; |
| 7 | D. | A finding that this is an exceptional case and an award to Riverbed of |
| 8 | | its reasonable attorney fees pursuant to 35 U.S.C. § 285; and |
| 9 | E. | Any and all other available legal and equitable relief that the Court |
| 10 | | deems just and proper. |

| | | |
|---|---|---|
| 1 | Dated: June 2, 2017 | HAYNES AND BOONE, LLP |

Dated: June 2, 2017        HAYNES AND BOONE, LLP

By: /s/ Jennifer M. Lantz
Jennifer M. Lantz (CA Bar No. 202252)
(jennifer.lantz@haynesboone.com)
**HAYNES AND BOONE, LLP**
525 University Avenue, Suite 400
Palo Alto, California 94301
Phone: (650) 687-8800
Fax: (650) 687-8801

Attorneys for Plaintiff
RIVERBED TECHNOLOGY, INC.

### DEMAND FOR JURY TRIAL

Riverbed demands trial by jury on all jury-triable issues in the Complaint, as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 2, 2017        HAYNES AND BOONE, LLP

By /s/ Jennifer M. Lantz
Jennifer M. Lantz (CA Bar No. 202252)
(jennifer.lantz@haynesboone.com)
**HAYNES AND BOONE, LLP**
525 University Avenue, Suite 400
Palo Alto, California 94301
Phone: (650) 687-8800
Fax: (650) 687-8801

Attorneys for Plaintiff
RIVERBED TECHNOLOGY, INC.