JOHN RUSSELL EMERSON (*Pro hac vice*)
(russ.emerson@haynesboone.com)
STEPHANIE N. SIVINSKI (*Pro hac vice*)
(stephanie.sivinski@haynesboone.com)
MATTHEW P. CHIARIZIO (*Pro hac vice*)
(matthew.chiarizio@haynesboone.com)
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Phone: (214) 651-5000
Fax: (214) 200-0615

JENNIFER M. LANTZ (CA SBN 202252)
(jennifer.lantz@haynesboone.com)
NICHOLAS V. MARTINI (CA SBN 237687)
(nick.martini@haynesboone.com)
HAYNES AND BOONE, LLP
525 University Avenue, Suite 400
Palo Alto, California 94301
Phone: (650) 687-8800
Fax: (650) 687-8801

Attorneys for Plaintiff
*RIVERBED TECHNOLOGY, INC.*

RUSS, AUGUST & KABAT
Marc A. Fenster (CA SBN 181067)
Email: mfenster@raklaw.com
Paul A. Kroeger (CA SBN 229074)
Email: pkroeger@raklaw.com
Reza Mirzaie (CA SBN 246953)
Email: rmirzaie@raklaw.com
Brian D. Ledahl (CA SBN 186579)
Email: bledahl@raklaw.com
C. Jay Chung (CA SBN 252794)
Email: jchung@raklaw.com
Philip X. Wang (CA SBN 262239)
Email: pwang@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Defendant
*REALTIME DATA LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Riverbed Technology, Inc.<br><br>    Plaintiff,<br><br>  vs.<br><br>Realtime Data LLC d/b/a IXO,<br><br>    Defendant. | Case Number: C 3:17-cv-3182-EMC<br><br>STIPULATION & ORDER RE:<br>DISCOVERY OF ELECTRONICALLY<br>STORED INFORMATION FOR PATENT<br>LITIGATION |

Upon the stipulation of the parties, the Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

2. This Order may be modified in the Court's discretion or by stipulation.

3. As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. The parties are expected to comply with the District's E-Discovery Guidelines ("Guidelines") and are encouraged to employ the District's Model Stipulated Order Re: the Discovery of Electronically Stored Information and Checklist for Rule 26(f) Meet and Confer regarding Electronically Stored Information.

5. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

6. Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

   a. **General Document Image Format.** Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format except for documents where production in TIFF would be impractical (including, for example, large spreadsheets). TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. To the extent possible, produced data will be de-duplicated based on an MD5 or SHA-1 hash value and across custodians.

   b. **Text-Searchable Documents.** No party has an obligation to make its production textsearchable; however, if a party's documents already exist in text-searchable

format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

    c. **Footer.** Each document image shall contain a footer with a sequentially ascending production number.

    d. **Native Files.** A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

    e. **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

    f. **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

7. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

8. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

9. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

10. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe as set forth in the Guidelines.

11. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

12. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The Court encourages the parties to confer on a process to test the efficacy of the search terms. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any party shall bear all reasonable costs caused by such additional discovery.

13. Email production requests shall be served no later than 30 days after the Claim-Construction Hearing.

14. Nothing in this Order prevents the parties from agreeing to use technology-assisted review and other techniques insofar as their use improves the efficacy of discovery. Such topics should be discussed pursuant to the District's E-Discovery Guidelines.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: December 13, 2017       **HAYNES AND BOONE, LLP**

By: /s/ *Matthew P. Chiarizio*

Attorney for Plaintiff
RIVERBED TECHNOLOGIES, INC.

**RUSS AUGUST & KABAT**

By: /s/ *Paul A. Kroeger*

Attorney for Defendant
REALTIME DATA, LLC

**ATTESTATION**: Pursuant to Local Rule 5-1(i)(3) I hereby attest that concurrence in the filing of this document has been obtained from Paul A. Kroeger.

By: /s/ *Matthew P. Chiarizio*

**IT IS SO ORDERED** that the foregoing Agreement is approved.

Dated:    12/19/17



UNITED STATES DISTRICT JUDGE